HELEN M. ZAMPINO, Respondent, et al., Plaintiff, *v.* COLGATE-PALMOLIVE COMPANY, Defendant, and F. W. WOOLWORTH CO., Appellant.

Third Department, June 17, 1959.

*Mackrell, Ranney & Rommel* (*Charles J. Ranney* of counsel), for appellant.

*Draper & Bartle* (*Edward M. Segal* of counsel), for respondent.

HERLIHY, J. Plaintiffs contend that on or about the 10th of August, 1954 at about 3 o'clock in the afternoon, they entered the store of the defendant F. W. Woolworth Co. in the City of Albany and that the plaintiff Helen inquired of the sales clerk at the cosmetic counter what she would recommend as a good underarm deodorant. It is further alleged the clerk replied " ' Veto ' is the best " and thereupon said plaintiff purchased a package of said deodorant. Plaintiff further claims that night she applied the product to her underarms and it resulted in a skin irritation which persisted until the time of trial. She first consulted a doctor on March 9, 1955 and at the trial he answered a hypothetical question that in his opinion the condition was the result of the application of "Veto". The plaintiff produced a chemist who testified as to the quantity of " aluminum sulfamate ", which ingredient was named on the jar of "Veto". There was no evidence that it was harmful.

In addition to the statement made by the sales girl, plaintiff testified and the complaint alleged " and in reliance upon the advertisement in the newspapers, and on the television and radio on the part of defendant Colgate-Palmolive Company ".

While Colgate-Palmolive Company was a party defendant, at the end of the plaintiff's case the court dismissed on the merits as against it.

From the record it would appear that the plaintiff's attempt to establish a breach of warranty was premised on the fact that " Veto " contained " aluminum sulfamate " and that within the provisions of section 96 of the Personal Property Law, the defendant—if not guilty of a breach of an expressed warranty—because of the acts of its agent, was guilty of a breach

of an implied warranty. In order to sustain such a theory, it was incumbent upon the plaintiff to establish that the ingredient was in some way " harmful " or was not of " merchantable quality ". Plaintiff produced a chemist but the only testimony adduced from him was that " aluminum sulfamate " was one of the ingredients to the extent of 25.5%, but he did not testify that such ingredient was in any way harmful to the skin or unsuitable for the purpose for which it was being sold. His testimony, therefore, lacked probative value.

Dr. W. Irving Walsh, who first attended plaintiff in March of 1955, testified she was suffering from contact dermatitis and answered the hypothetical question previously referred to. He was not asked nor did he give any reason for his opinion and under the circumstances it was speculative and could not be a basis for predicating a finding in favor of the plaintiff. Some actual defect in the product must be shown for the basis of the doctor's conclusion. The cause of her condition remained a matter of doubt and conjecture. (*Miller* v. *Grant Co.*, 302 Mass. 429; *Ross* v. *Porteous, Mitchell & Braun Co.*, 136 Me. 118.)

The only evidence of a breach of warranty in this respect was her testimony that she suffered from an irritation after using the product. She had been previously treated by another dermatologist who did not testify and if we were to speculate, it might be said she was suffering from some allergy; or her testimony that she shaved under her arms might have instigated the " irritation ". It is evident that the testimony offered was not sufficient to establish a prima facie case.

It might be noted that in the present manner of merchandising, many articles are advertised and sold based upon some particular ingredient [generally unknown to the public] which is supposed to have some special benefit or at least " sales appeal ". We are not prepared to say that the mere listing of some ingredient in and of itself constitutes a basis for an action in warranty.

In view of our finding of a failure of proof that the product was harmful or not of merchantable quality, there is no necessity for deciding whether the statement made by the salesgirl constituted her own personal opinion; constituted a warranty or the authority to warrant the product.

The judgment and order should be reversed on the law and the facts and the complaint dismissed on the merits.

BERGAN, J. P., COON, GIBSON and REYNOLDS, JJ., concur.

Judgment and order reversed, on the law and the facts, and complaint dismissed, without costs.