■ ELIZABETH J. HOLMES, Respondent, v GRUMMAN ALLIED INDUSTRIES, Appellant. (And Related Third- and Fourth-Party Actions.) (Action No. 1.) DOROTHY MAGAW, Respondent, v GRUMMAN ALLIED INDUSTRIES et al., Appellants. (And Related Third-Party Actions.) (Action No. 2.) — Appeals (1) from that part of an order of the Supreme Court at Special Term (Crew, III, J.), entered March 29, 1983 in Chemung County, which denied the motions of defendants and third-party defendants, American Seating Company, Grumman Allied Industries, M. H. Smith Company, Inc., Elmira-Watkins Glen Transit Corporation, County of Chemung, Luxaire Cushion Company and Grand Rapids Foam Rubber Company, for summary judgment dismissing all claims asserted against those parties, and (2) from two judgments of said court, entered April 12, 1983 in Chemung County, which granted third-party defendant Kustom Fit of Ohio Corporation's motion for summary judgment dismissing the third-party complaints of Grumman Allied Industries. ¶ Plaintiffs, Elizabeth J. Holmes and Dorothy Magaw, were both employed as bus drivers by the Elmira-Watkins Glen Transit Corporation. They allege that shortly after they began to drive buses manufactured by Grumman Allied Industries, they developed a series of physical problems. In late May and early June, 1976, approximately two weeks after starting to drive the Grumman buses, Holmes developed irritation and soreness on her face and her eyes became swollen. Magaw complained of a rash and burning in her eyes, respiratory problems, headaches and nausea. Both smelled an unusual odor while operating their respective buses. ¶ In the course of treatment, plaintiffs were eventually referred to a specialist in dermatology, Dr. James M. Flood, who suggested that the allergic reactions might be caused by the presence of the chemical Toluenediisocyanate (TDI) in the buses. Dr. Flood conducted a patch test on Holmes, using various component materials of the bus supplied by American Seating Company, and found that she had a positive reaction to the polyurethane foam used in dashboard padding. This polyurethane foam contained TDI. A similar test was performed on Magaw and she also had an allergic reaction to the chemical. Dr. Flood opined that Holmes had become sensitized to TDI and could react to the chemical even in the presence of small quantities. He noted, however, that such a reaction to TDI affects less than 2% of the population. ¶ Holmes instituted suit against Grumman for damages based on negligence and breach of warranty. Grumman served a third-party summons and complaint upon American Seating, Elmira-Watkins Glen Transit Corporation, the County of Chemung, Cromoglass Corporation, Kustom Fit of Ohio Corporation and M. H. Smith Company, Inc. American Seating served a fourth-party summons and complaint on Luxaire Cushion Company, Grand Rapids Foam Rubber Company and the Firestone Tire and Rubber Company. ¶ Magaw sued both Grumman and American Seating based on negligence, breach of warranty and products liability due to a defect in design or manufacture. As in the Holmes case, Grumman served a third-party summons and complaint on Elmira-Watkins Glen Transit Corporation, the County of Chemung, Cromoglass Corporation, Kustom Fit of Ohio Corporation and M. H. Smith Company, Inc. American Seating instituted third-party actions against Luxaire Cushion Company, Grand Rapids Foam Rubber Company, and the Firestone Tire and Rubber Company. ¶ After examinations before trial were held, American Seating, Grumman, M. H. Smith Company, Inc., Elmira-Watkins Glen Transit Corporation, Kustom Fit of Ohio Corporation, the County of Chemung, Luxaire Cushion Company and Grand Rapids Foam Rubber Company moved for summary judgment dismissing all claims asserted

against them. Special Term granted the motion for summary judgment brought on behalf of Kustom Fit of Ohio Corporation and denied the remaining motions for summary judgment. It is from this order that American Seating, Luxaire Cushion Company, M. H. Smith Company, Inc., the County of Chemung, Grumman, Grand Rapids Foam Rubber Company and Elmira-Watkins Glen Transit Corporation now appeal. Grumman also appeals from the judgments entered in favor of Kustom Fit of Ohio Corporation dismissing its third-party complaints. ¶ There must be an affirmance. ¶ We turn first to a discussion of Special Term's decision as it relates to Grumman's motion for summary judgment. Testimony elicited from Dr. Flood indicated that plaintiffs' reactions were caused by the presence of TDI in the buses they operated. Plaintiffs each stated that they suffered the allergic reactions a short time after they began to drive the Grumman vehicles. Further, when plaintiffs stopped driving the buses for a period of time, their condition improved significantly. In support of its motion for summary judgment, Grumman relied on the affidavits submitted by American Seating and M. H. Smith Company, Inc., which espoused the theory that plaintiffs' injuries were due to an unusual hypersensitivity to TDI vapor and that, based on *Kaempfe v Lehn & Fink Prods. Corp.* (21 AD2d 197, affd 20 NY2d 818), the complaints should have been dismissed. ¶ This argument must be rejected. *Kaempfe* stands for the proposition that where a supplier offers a useful and reasonably safe product for general use, there is no special duty to warn the unknown few who constitute a mere *microscopic* fraction of potential users who may suffer some allergic reaction not common to the ordinary or normal person (*id.*, at p 201). However, knowledge or constructive notice of unreasonable danger to users may cause a duty of warning to be imposed (*id.*). Here, there is evidence that TDI, a component of polyurethane foam, is a potentially dangerous substance. Regardless of the relatively small percentage of those likely to become sensitized to TDI, it appears that Grumman may have had knowledge or constructive notice of an unreasonable danger. This is a question for the jury and, accordingly, Special Term properly denied Grumman's motion for summary judgment (see *Barr v County of Albany,* 50 NY2d 247, 254). ¶ American Seating's motion for summary judgment is premised on the theory that there has been no evidence to causally link the reactions suffered by plaintiffs to component parts it supplied to Grumman. However, the evidence supplied by plaintiffs creates an issue of fact, as it indicates that the allergic reaction could be attributed to materials comprised of polyurethane foam, which contained TDI. In this regard, polyurethane foam supplied by American Seating produced a positive reaction and this type of foam has been known to be used in dashboard padding and motor vehicle seats. ¶ Finally, we find that Special Term did not err in granting third-party defendant Kustom Fit of Ohio Corporation's motion for summary judgment. We specifically note that Special Term did not abuse its discretion in considering the affidavit submitted by Kustom Fit of Ohio Corporation's vice-president (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:23, pp 87-88). ¶ Order and judgments affirmed, with costs to respondents filing briefs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.