■ DONNA CAZSADOR, an Infant, by LINDA CAZSADOR, Her Parent and Guardian, Respondent, v GREENE CENTRAL SCHOOL,

Defendant and Third-Party Plaintiff-Appellant. WARD's NATU-RAL SCIENCE ESTABLISHMENT, INC., Third-Party Defendant-Appellant. [632 NYS2d 267] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered September 16, 1994 in Chenango County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this negligence action to recover for damages allegedly sustained when caustic chemicals used in connection with the preservation of a laboratory frog came into contact with her face and arms during a dissection project in science class at defendant. Defendant brought a third-party action for, as relevant to this appeal, common-law contribution against the supplier of the preserved laboratory specimen. Following a trial, a jury rendered a verdict in favor of plaintiff awarding total damages of $20,000 for past and $10,000 for future pain and suffering. On the main action, liability was apportioned 10% against plaintiff and 90% against defendant. On the third-party action, liability was apportioned 15% against defendant and 85% against third-party defendant. Defendant and third-party defendant each appeal.

Initially, we reject the contention that plaintiff failed to make a prima facie showing of negligence. The trial evidence showed that the solutions used to anesthetize, fix and preserve the laboratory specimen contained varying concentrations of acetone, formalin and methanol, and records produced by third-party defendant classified methanol as an irritant and recommended the precaution of wearing plastic or rubber gloves and avoiding prolonged skin contact. Further, plaintiff's treating dermatologist testified that methanol is a fluid irritant capable of producing chemical burns such as those suffered by plaintiff. As such, there was an adequate basis for a jury finding that the chemical solution present in the tissue of the laboratory frog constituted a dangerous product, and it is undisputed that neither third-party defendant nor defendant provided any warning of the dangers associated with the solution's long-term contact with human skin (see, 5B Warren's New York Negligence, Chemicals, § 20.02 [4], at 6-10).

Considering the nature of the chemicals present in the solution and the fact that plaintiff's science teacher took the precaution of providing the students with protective eyewear and rinsing the preserved frogs in clear water before handing them out, testimony that neither defendant nor third-party defendant was aware of any other case of chemical burns resulting from human contact with the solution by no means compels the conclusion that plaintiff's injuries were not foreseeable as

a matter of law. Cases involving abnormal allergies to products designed for use upon the skin are inapposite (*cf.*, *Hafner v Guerlain, Inc.*, 34 AD2d 162 [perfume]; *Kaempfe v Lehn & Fink Prods. Corp.*, 21 AD2d 197, *affd* 20 NY2d 818 [underarm deodorant]; *Zampino v Colgate-Palmolive Co.*, 8 AD2d 304, *affd* 8 NY2d 1069 [underarm deodorant]).

We also reject the contention that there is insufficient support in the record for the jury's award of damages for future pain and suffering. Plaintiff testified at the trial, more than six years after the accident, that she still experienced a burning sensation and stinging discomfort when the affected areas came in contact with perspiration, hot water and sunlight and that red blotches would appear following physical exertion such as jogging or running. This testimony, combined with the opinion of plaintiff's dermatologist that it was possible that plaintiff would experience these problems for the remainder of her life, provided ample support for the jury's award of future damages (*see*, *Matott v Ward*, 48 NY2d 455; *McKilligan v McKilligan*, 156 AD2d 904, 907).

As a final matter, we agree with defendant that, pursuant to CPLR 1601, the judgment entered against it should have been limited to its 15% equitable share of liability as determined by the jury. The parties' remaining contentions have been considered and rejected.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by awarding plaintiff damages of $4,050 against defendant, and, as so modified, affirmed. [As amended by unpublished order entered Jan. 9, 1996.]