■ KATHLEEN PERKINS, Appellants, v AAA CLEANING, Doing Business as SERVICEMASTER, Respondent. [816 NYS2d 600]—

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered June 3, 2005 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

Allegedly because of her exposure to a disinfecting solution while cleaning an ambulance in April 1999, plaintiff Kathleen Perkins (hereinafter plaintiff) developed asthma and reactive airway syndrome that thereafter made her hyperreactive to environmental irritants. On December 7, 1999, plaintiff experienced respiratory distress while working as a clerk at the offices of the Town of Dryden in Tompkins County. Alleging that this episode was triggered by vapors released from the solutions that defendant had used to clean the carpets at her workplace, and that defendant had failed to properly apply the solutions, ventilate the offices or warn her of the danger of inhaling the vapors, plaintiff and her husband commenced this negligence action against defendant. When defendant moved for summary dismissal of the complaint, Supreme Court granted the motion, finding no evidence that defendant either could have foreseen the risk of respiratory injury to plaintiff or acted negligently in applying the cleaning solutions and ventilating the offices. Plaintiffs appeal.

Initially, plaintiffs contend that Supreme Court erred in extending defendant's time to move for summary judgment beyond the 60-day time period provided by the rules of the Sixth Judicial District (*see* CPLR 3212 [a]). Under the circumstances here, however, we are not persuaded that the court abused its discretion in accepting as good cause defendant's reasonable explanation that its delay was due to difficulties in obtaining deposition transcripts and a written opinion from its expert (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *La Duke v Albany Motel Enters.*, 282 AD2d 974, 974 [2001]).

Turning to the merits, it is axiomatic that conduct is not considered negligent and no liability results where the type of injury sustained is not one of the foreseeable hazards that are normally associated with such conduct (*see Di Ponzio v Riordan*, 89 NY2d 578, 583-584 [1997]; *Kemper v Arnow*, 18 AD3d 939, 940-941 [2005], *lv denied* 5 NY3d 708 [2005]). Here, defendant met its initial burden of showing that the condition which allegedly caused plaintiff's injury was not a foreseeable risk of its conduct. The only evidence in the record of the known health risks of the chemicals used in the cleaning solutions are the advisories in the applicable material safety data sheets. They give no indication that an adverse respiratory condition may result from inhalation of the solutions' vapors. While the sheet for the undiluted preconditioning agent warns that inhalation of its vapors may cause dizziness, headaches or unconsciousness and it should be used with adequate ventilation, this sheet

pertains to the vapors of the concentrated chemical rather than the diluted solution actually applied to the carpet and it gives no warning that the vapors may cause respiratory distress such as that experienced by plaintiff. In addition, defendant presented the opinion of a forensic chemist that the vapors released by the diluted solutions actually applied in the cleaning of the carpets would have had concentrations of chemicals below the minimums recognized as being harmful to humans. Thus, defendant presented evidence that the risk of harm alleged by plaintiffs was not a known risk of its cleaning of the carpets (*see Di Ponzio v Riordan, supra* at 584).

This evidence shifted the burden to plaintiffs to raise a question of fact as to the foreseeability of the risk of harm to plaintiff. They attempted to carry their burden by offering the report of one of plaintiff's treating physicians, Michael Lax. Although Lax opines that plaintiff's exposure to certain components of defendant's cleaning solutions irritated her hyperreactive airways, he does not state that any of the chemicals in those solutions are generally known by either experts or laypersons to be respiratory irritants. Nor does Lax address the opinion of defendant's chemist that the amount of chemicals in the vapors released would ordinarily be harmless (*cf. Cazsador v Greene Cent. School*, 220 AD2d 862, 863-864 [1995] [finding the risk foreseeable where the subject chemical was known to be an irritant]). Finally, even if they were not harmless, there is no evidence that defendant had any way of knowing of plaintiff's hypersensitivity (*cf. Holmes v Grumman Allied Indus.*, 103 AD2d 909, 910 [1984] [finding a duty to warn may exist, even though only a small percentage of users may suffer an allergic reaction, if the defendant had knowledge or constructive notice of the danger]). In light of this, plaintiffs failed to raise a question of fact. Accordingly, we agree with Supreme Court's conclusion that the risk of respiratory injury to plaintiff was not a foreseeable consequence of defendant's carpet cleaning and, thus, defendant owed no duty to her concerning that particular risk.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.