■ SSC CORP., Appellant, v TOWN OF BROOKHAVEN, Respondent. [638 NYS2d 749]

The plaintiff SSC Corp. and the defendant Town of Brookhaven entered into a contract whereby the plaintiff would collect residential solid waste from designated areas of the town and

dispose of that waste in the town's landfill. The plaintiff would pay the disposal fee, commonly known as the tipping fee. The contract provided for a formula whereby payments made to the plaintiff and other contracting carters would be adjusted from time to time to reflect increases or decreases in the tipping fee.

The plaintiff contends that the town miscalculated these adjustments when the tipping fee was increased by $10 per ton by utilizing actual tonnages, whereas the contract called for utilization of projected tonnages whenever the increase in tipping fee did not exceed $15 per ton. The town counters by contending that the plaintiff's interpretation of the "Tipping Fee Adjustments" provision in the contract is in error since utilization of the plaintiff's interpretation would result in windfall payments to the plaintiff and other carters for services they never performed. Thus, the sole issue is the interpretation to be placed on the tipping fee adjustments clause and the amendment thereto as they are contained in the contract.

"[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside [of] the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *see also, Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 269-270).

At bar, the contract provides as follows:

"Tipping Fee Adjustments

"The Tipping Fees on which this contract is based are as follows:

"$30.00 per ton for Garbage and Bulk Items $30.00 per ton for Yard Wastes $0.00 per ton for Recyclables and White Goods

"For each one dollar ($1.00) per ton increase or decrease in Tipping Fees for Solid Wastes, the *annual* Contract price per Contract Unit shall be increased or decreased in accordance with the following passthrough formula:

"$1.80 for Garbage and Bulk Items (3,600 pounds per Unit per year) $0.40 for Yard Wastes (800 pounds per unit per year) $0.20 for Recyclables (400 pounds per unit per year)

"These Tipping Fee adjustments do not necessarily reflect the actual tonnages of Solid Waste produced by the Contract Units in the CBA. Should the change in any of the Tipping Fees exceed fifteen dollars ($15) per ton and the recorded ton-

nage is at least two-hundred (200) pounds per unit per year different from the passthrough formula, the Commissioner shall adjust the passthrough formula and increase or decrease the Annual Contract Unit Price based on actual recorded tonnage of solid wastes received at Disposal Facilities".

This provision was subsequently amended to provide that "[t]he Commissioner *shall* adjust the pass-through formula when records are available to move the two-hundred (200) pounds per unit per year difference and the Tipping Fee charge is more than fifteen dollars ($15.00) per ton. Because White Goods have been excluded from collection, the passthrough for Recyclables was reduced by two-hundred (200) pounds".

The contract, read as a whole with its amendment, is complete, clear, and unambiguous on its face and, contrary to the town's contentions, nothing therein suggests that the parties intended the projected tonnage figures to be utilized only for purposes of recalculating passthrough adjustments until such time as the town may obtain actual tonnage figures. If that was the town's intention, it was not expressed in the contract. In the absence of any ambiguity, there are only documents to interpret, and the issue is one of law to be determined by the court (*see, Olson Enters. v Agway, Inc.,* 55 NY2d 659, 661; *Stanita Realty Corp. v Hughes Aircraft Co.,* 116 AD2d 567).

Here, the contract clearly provides for two different formulae for calculating passthrough adjustments to be paid to the carters. When read with the amendment, the contract provides for tipping fee passthroughs to be adjusted on a projected tonnage basis when the tipping fee is raised by an amount less than $15 per ton in a given year. The tipping fee passthroughs are to be adjusted on the basis of actual tonnages only when the tipping fees are raised by more than $15 per ton.

Moreover, the tipping fee adjustments clause uses phrases such as "*annual* Contract price" and "per unit per year", which clearly evinces an intention that the adjustments were to be calculated based on annual increases or decreases in the tipping fee, rather than cumulative increases over the life of the contract. Thompson, J. P., Joy, Hart and Florio, JJ., concur.