■ Donna Cazsador, by Linda Cazsador, Her Parent and Guardian, Respondent, v Greene Central School, Defendant, and Ward's Natural Science Establishment, Inc., Appellant. [663 NYS2d 310] —Mercure, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered September 18, 1996 in Chenango County, which, *inter alia*, denied a motion by defendant Ward's Natural Science Establishment, Inc. to dismiss the complaint.

In June 1991, plaintiff commenced a negligence action against defendant Greene Central School (hereinafter the school district) to recover for injuries she sustained in science class when a caustic chemical used to preserve laboratory frogs came in contact with her face and hands. The school district brought a third-party action for, *inter alia*, common-law contribution against defendant Ward's Natural Science Establishment, Inc., the supplier of the preservative solution. Notably, plaintiff never asserted a direct claim against Ward's. Following a trial, the jury rendered a verdict awarding plaintiff damages of $30,000 for past and future pain and suffering. On the

main action, the jury apportioned liability 10% against plaintiff and 90% against the school district. On the third-party action, the jury apportioned liability 15% against the school district and 85% against Ward's. Apparently concluding that the school district's liability was joint and several, Supreme Court entered judgment against the school district in the full amount of the jury's damage award, diminished only by plaintiff's proportional culpability.

On appeal, we determined that, because the school district's liability was "found to be fifty percent or less of the total liability assigned to all persons liable" (CPLR 1601 [1]), CPLR 1601 operated to limit the judgment entered against it to its 15% equitable share of liability as determined by the jury (*Cazsador v Greene Cent. School*, 220 AD2d 862, 864). We accordingly modified the judgment so as to reduce the judgment against the school district to $4,050 (*id.*). No judgment was rendered against Ward's because the third-party claim was rendered meritless by virtue of the statutory limitation of the school district's liability to its equitable share of the judgment (*see,* CPLR 1601, 1402; Siegel, NY Prac § 168B, at 249) and, as earlier noted, plaintiff had asserted no direct claim against Ward's.

Following an unsuccessful application for leave to appeal to the Court of Appeals, plaintiff commenced the present action seeking judgment against Ward's for the $22,950 balance of the jury's verdict in the first action. Ward's made a preanswer motion to dismiss the complaint on the ground, *inter alia*, that the applicable Statute of Limitations barred the action against it. Conceding that the Statute of Limitations had expired, plaintiff claimed entitlement to the six-month period provided for in CPLR 205 (a) for commencement of a new action following termination of an action other than on the merits and, further, contended that pursuant to CPLR 203 (b) the current claim is deemed to have been interposed against Ward's as of the date of commencement of the prior action against the school district. Crediting both of plaintiff's contentions, Supreme Court denied the motion. Ward's now appeals.

We conclude that, because the applicable Statute of Limitations had expired prior to commencement of the present action and the legal theories propounded by plaintiff in opposition to Ward's dismissal motion are patently meritless, Supreme Court's order must be reversed, Ward's motion granted and the complaint dismissed. First, because plaintiff never obtained jurisdiction over Ward's in the prior action (and in fact made no effort to interpose a claim against that party), CPLR 205 (a)

has no application to this case (*see, Rayo v State of New York*, 882 F Supp 37, 39-40; *see also, Markoff v South Nassau Community Hosp.*, 61 NY2d 283; *Parker v Mack*, 61 NY2d 114). Although CPLR 1009 authorized plaintiff to assert a claim against Ward's within 20 days after service of the answer to the third-party complaint, plaintiff made a tactical decision to forego that opportunity. As such, plaintiff will not be heard to claim mistake at this time (*see, Buran v Coupal*, 87 NY2d 173, 181). Similarly, because Ward's and the school district were not united in interest and plaintiff suffered no misapprehension concerning the identity of the real parties in interest, the relation back doctrine of CPLR 203 (b) is also unavailing (*see, Buran v Coupal, supra,* at 178; *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program*, 80 NY2d 219, 226; *Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963, *lv denied* 87 NY2d 807; *Brock v Bua*, 83 AD2d 61, 69).

As a final matter, we do not subscribe to Supreme Court's view that our after-the-fact interpretation of CPLR 1601 somehow wrested from plaintiff the fruits of her victory. We are not the first court to note the peril that may befall a plaintiff who fails to join all parties subject to the court's jurisdiction (*see, Marsala v Weinraub*, 208 AD2d 689, 695 [Ritter, J., concurring]; *Zakshevsky v City of New York*, 149 Misc 2d 52), and Ward's pleaded CPLR 1601 as an affirmative defense, thereby placing plaintiff on notice of its possible consequences. Plaintiff having purposely foregone an opportunity to commence a timely action against Ward's, we cannot view her predicament as other than self-imposed.

The parties' additional contentions need not be addressed.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.