■ Town of Hempstead et al., Respondents-Appellants, v Incorporated Village of Atlantic Beach et al., Appellants-Respondents. (Action No. 1.) Town of Hempstead et al., Respondents-Appellants, v Incorporated Village of Rockville Centre, Appellant-Respondent. (Action No. 2.) [718 NYS2d 360] —In two related actions to recover damages for breach of

inter-municipal agreements for waste disposal services and for a judgment declaring, *inter alia*, that the defendants are required to pay certain waste disposal fees, (1) the defendants appeal from stated portions of an order of the Supreme Court, Nassau County (Adams, J.), entered May 7, 1999, which, *inter alia*, granted those branches of the plaintiffs' motion which were for partial summary judgment declaring that (a) they were required to pay certain minimum waste commitment tonnage fees to the plaintiffs, (b) they were not entitled to a credit toward their minimum waste commitment tonnage volumes for waste collected and delivered to the plaintiffs by private carters, and (c) they were not entitled to a credit toward their minimum waste commitment tonnage volumes for recyclable material delivered to the plaintiffs, and (2) the defendants, except the defendant Incorporated Village of Atlantic Beach, appeal from so much of an amended order of the same court entered August 24, 1999, as, upon reargument, clarified so much of the order entered May 7, 1999, denying those branches of the plaintiffs' motions which were for summary judgment declaring that they were obligated to pay waste disposal fees based on the minimum commitment volume, by declaring that with respect to yard waste they are entitled to a credit toward their minimum waste commitment tonnage only for yard waste delivered to the plaintiffs' facilities and not for yard waste delivered to private enterprises. The plaintiffs cross-appeal (1) from so much of the order entered May 7, 1999, as denied those branches of their motions which were for partial summary judgment declaring that the defendants are obligated to pay waste disposal fees based on the minimum commitment volume to the extent of declaring that the defendants are entitled to a credit for their minimum waste commitment tonnage for yard waste, and (2), as limited by their brief, from so much of the amended order entered August 24, 1999, as, upon reargument, clarified so much of the order entered May 7, 1999, granting those branches of the plaintiffs' motions which were for partial summary judgment declaring that the defendants "were required to pay the [plaintiffs] the sums due for Transfer Facility usage, whether they used the Transfer Facility or not," by declaring that the defendants were required to pay a per-ton fee for waste actually delivered to the plaintiffs' transfer facility and not a pro rata share of the transfer facility's costs.

Ordered that the plaintiffs' notice of cross appeal from an order entered August 9, 1999, is deemed a premature notice of appeal from the amended order entered August 24, 1999; and it is further,

Ordered that the appeal and the cross appeal from the order

entered May 7, 1999, are dismissed, without costs or disbursements, as that order was superseded by the amended order entered August 24, 1999, made upon reargument; and it is further,

Ordered that the appeal from the order entered August 9, 1999, is dismissed, without costs or disbursements, as that order was superseded by the amended order entered August 24, 1999; and it is further,

Ordered that the amended order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal and cross appeal arise from a series of inter-municipal agreements (hereinafter agreements), regarding waste disposal, which were entered into in 1985 between the Town of Hempstead, the Town Board of the Town of Hempstead (hereinafter the Town), and the Incorporated Villages of Atlantic Beach, East Rockaway, Floral Park, Garden City, Lynbrook, and Rockville Centre (hereinafter the Villages).

Contrary to the Villages' contention, the agreements are unambiguous to the extent that they require each Village to pay certain "minimum commitment" tonnage fees, as calculated by the formula set forth in the agreements, regardless of the actual amount of waste tonnage delivered (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *SSC Corp. v Town of Brookhaven,* 225 AD2d 535, 536; *see also, Mercury Bay Boating Club v San Diego Yacht Club,* 76 NY2d 256, 269-270). The Villages argue that they were effectively precluded from pursuing their claim for a minimum commitment credit for waste delivered by private carters because the Town's motion for summary judgment effectively prevented further discovery on that issue. This contention is without merit. The Villages do not specify what particular evidence they seek, and it is well settled that the mere hope by the party opposing summary judgment that it will uncover evidence that will prove its case is insufficient under CPLR 3212 (f) to postpone a decision on a summary judgment motion (*see, Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026; *Carrington v City of New York,* 201 AD2d 525, 526; *American Prescription Plan v American Postal Workers Union AFL-CIO Health Plan,* 170 AD2d 471).

With respect to the charges to be imposed for the use of the Town's transfer facility, the court correctly concluded that, under the terms of the agreements, the Villages were only obligated to pay a transfer facility fee equal to the amount of waste tonnage they actually delivered to the facility (*see generally, Olson Enters. v Agway, Inc.,* 55 NY2d 659, 661; *Stanita Realty Corp. v Hughes Aircraft Co.,* 116 AD2d 567).

The Town argues that certain extrinsic evidence supports the conclusion that the Villages were not entitled to any credit toward their minimum commitment tonnage for yard waste. It is well settled that "[e]vidence outside of the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri, supra,* at 162; *see, SSC Corp. v Town of Brookhaven, supra; Mercury Bay Boating Club v San Diego Yacht Club, supra*). However, to the extent that the agreements are ambiguous regarding the issue of yard waste, any ambiguities must be construed against the Town, since it drafted the agreements (*see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Guardian Life Ins. Co. v Schaefer,* 70 NY2d 888).

The parties' remaining contentions are without merit. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.