(April 17, 2003)

■ NAEMA ALHAREZI, Appellant, v JOGINDER SHARMA et al., Respondents. [758 NYS2d 48] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 16, 2000, which granted defendants' motion seeking dismissal of plaintiff's first, second, third, fifth, sixth and seventh causes of action and denied plaintiff's cross motion to dismiss defendants' affirmative defenses based on the statute of limitations, unanimously affirmed, without costs.

While we agree with plaintiff that her prior action was not dismissed "for neglect to prosecute the action" within the meaning of CPLR 205 (a) (but see Villanova v King Kullen Supermarkets, 163 AD2d 203 [1990]), we nonetheless find plaintiff's reliance on the statute is barred by her conceded failure to bring a new action within six months after the termination of her prior action (see CPLR 205 [a]). Plaintiff may not rely on the doctrine of relation back (see CPLR 203 [f]), since her new plead-

ing is not a "mere expansion" (*see A to Z Assoc. v Cooper*, 215 AD2d 161, 162 [1995]) of still-valid prior pleadings in this action. Plaintiff's sixth cause of action, purportedly for the negligent hiring, supervision and retention of certain of defendant hotel's staff, was properly subjected to the one-year limitation period for intentional torts (*see* CPLR 215) since plaintiff has pleaded that defendant employers intentionally caused their employees to assault her (*see e.g. Wrase v Bosco*, 271 AD2d 440 [2000]), and not that the negligence occurred at the time of the hiring "in the first instance" or that defendant employers had notice of the employees' violent propensities and ignored the problem (*see Del Signore v Pyramid Sec. Servs.*, 147 AD2d 759, 760 [1989]). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Rosenberger and Ellerin, JJ.