■ RYAN BURGER et al., Plaintiffs, and RUSSELL WORON, Appellant, v UNION CARBIDE CORPORATION et al., Respondents. [758 NYS2d 381] —In an action to recover damages for personal injuries allegedly sustained as the result of exposure to toxic chemicals in the workplace, the plaintiff Russell Woron appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered April 5, 2002, which granted the defendants' motion to dismiss the complaint insofar as asserted by him as time-barred, and denied his cross motion for leave to amend the complaint to allege the applicability of CPLR 214-c (4).

Ordered that the order is affirmed, with costs.

The plaintiff Russell Woron was employed by the defendant International Business Machines Corporation (hereinafter IBM) from 1969 until 1993 at the IBM facility in East Fishkill. He claims that during the course of his employment there, he was exposed to a variety of toxic chemicals commonly used in the manufacturing of semiconductor chips. In September 1997 the plaintiff was diagnosed with multiple myeloma, a form of cancer. In October 2000 he commenced the instant personal injury action against IBM and the companies that produced and distributed the chemicals.

Contrary to the plaintiff's contentions, the Supreme Court properly dismissed the complaint insofar as asserted by him, as the statute of limitations ran before the commencement of his action (see CPLR 214-c [2]). Generally, in cases involving exposure to toxic substances, a plaintiff is required to commence a personal injury action within three years after he or she discovers the injury, or within three years after, through the exercise of reasonable diligence, he or she should have discovered the injury, whichever date occurred earlier (see CPLR 214-c [2]). In the instant case, the plaintiff learned of his multiple myeloma diagnosis, at the very latest, in September 1997, and he had suffered from symptoms of the disease even earlier. Thus, the three-year limitations period set forth in CPLR 214-c (2) had expired before the plaintiff commenced this action in October 2000.

The Supreme Court properly denied the plaintiff's cross motion for leave to amend his complaint to allege the applicability of CPLR 214-c (4). Under certain circumstances, CPLR 214-c (4) offers plaintiffs in toxic tort cases an alternative limitations period of one year measured from the date of discovery of the cause of the injury, where discovery of the cause of the injury occurs no later than five years after the discovery of the injury, and the plaintiffs are able to prove that "technical, scientific or medical knowledge and information sufficient to ascertain the cause of [the] injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized" (CPLR 214-c [4]).

The burden is on the plaintiff "to aver evidentiary facts showing that the exception embodied in [CPLR 214-c (4)] applies" (Pompa v Burroughs Wellcome Co., 259 AD2d 18, 22 [1999]). In the instant case, the plaintiff failed to make the requisite showing; thus, he was not entitled to the tolling provision of CPLR 214-c (4).

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., H. Miller, Townes and Mastro, JJ., concur.