— In an action, inter alia, for a judgment declaring that the defendants are obligated to indemnify the plaintiff in an action entitled Rita Cohen Realty Services, Ltd., doing business as Prudential-RCR Realtors v CB Richard Ellis, Inc., pending in the Supreme Court, Westchester County, under Index No. 1061/00, the defendants appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 27, 2002, which granted the plaintiffs motion to dismiss their first, second, third, fourth, and fifth counterclaims, and their demand for punitive damages.
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were to dismiss the third and fourth counterclaims and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the appellants, and the third and fourth counterclaims are reinstated.
The Supreme Court correctly dismissed the defendants’ first and second counterclaims, alleging tortious interference with contract and tortious interference with prospective economic advantage, respectively, pursuant to CPLR 3211 (a) (5). Those causes of action are barred by the applicable statute of limitations (see CPLR 214 [4]; Spinap Corp. v Cafagno, 302 AD2d 588 *573 [2003]). Contrary to the defendants’ contention, CPLR 214-c (4), which applies to personal injury or property damage actions involving exposure to toxic substances, does not apply to this case (see generally Burger v Union Carbide Corp., 304 AD2d 700, 701 [2003], lv denied in part and dismissed in part 100 NY2d 601 [2003]; Pompa v Burroughs Wellcome Co., 259 AD2d 18 [1999]; Rothstein v Tennessee Gas Pipeline Co., 204 AD2d 39, 40 [1994], affd 87 NY2d 90 [1995]).
The Supreme Court also properly dismissed the defendants’ punitive damages demand (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616-617 [1994]).
However, under the circumstances of this case, the Supreme Court erred in dismissing the third and fourth counterclaims, sounding in fraudulent inducement and fraud, respectively, pursuant to, inter alia, CPLR 3016 (see Kaufman v Cohen, 307 AD2d 113 [2003]). We reject the plaintiffs additional contention that the defendants’ fraud allegations are contradicted by documentary evidence, including alleged admissions by the defendants in pleadings and depositions submitted in a related litigation (cf. Montefiore v Soja, 292 AD2d 241, 242 [2002]). We also reject the plaintiffs argument that the Supreme Court’s dismissal of the third and fourth counterclaims may be sustained based on the doctrine of judicial estoppel (see Bono v Cucinella, 298 AD2d 483, 484 [2002]).
The defendants’ remaining contentions are without merit. Florio, J.P, Friedmann, H. Miller and Mastro, JJ., concur.