■ RITA BASS et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 1.) RYAN BURGER et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 2.) MARY ALICE CASTALLANO et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 3.) JOHN CATALDO et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 4.) CRISTINA CORDARO et al., Appellants, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Respondents. (Action No. 5.) KELLY DALEY et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 6.) AMBER-ANN LOUISE KARDAS et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 7.) ROBERT KELLEHER et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 8.) ROBERT KELLEHER et al., Appellants, v SHIPLEY COMPANY, INC., et al., Respondents. (Action No. 9.) HEATHER KELLY et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 10.) ZACHARY DAVID RUFFING et al., Appellants, v UNION CARBIDE CORPORATION et al., Respondents. (Action No. 11.) ZACHARY DAVID RUFFING et al., Appellants, v HOECHST CELANESE, Also Known as AMERICAN HOECHST, et al., Respondents. (Action No. 12.) [801 NYS2d 922]—In 12 related actions to recover damages for personal injuries, etc., the appeals, as limited by the appellants' brief, are from so much of 12 orders of the Supreme Court, Westchester County (Lefkowitz, J.), all dated August 8, 2003, as granted the defendants' motion for summary judgment dismissing as time-barred certain causes of action asserted by Stanley Lewis and Jean Staci, plaintiffs in Action No. 1, Ramona Burger, Connie Tanguay, Wendy Lee Stous, Daniel Brugger, Alan Richard Maynard, Jr., Walter Cemel III, Penny Russell, and Susan Brown, plaintiffs in Action No. 2, Arthur W. Quick, a

plaintiff in Action No. 3, Gwendolyn Walker, Charles Harris, and Judy Stout, individually, and as personal representative of the estate of Robert E. Stout, plaintiffs in Action No. 4, Salvatore Cordaro, a plaintiff in Action No. 5, Robin Lapinski, Stephen J. Gyseck, Joan Berube, Kelly Roebuck, Amaziah Rice, individually and as administrator of the estate of Dixie Rice, Cynthia Mokritski, Veronica Foley, individually, and as administrator of the estate of James Foley, and Mary Meyers, plaintiffs in Action No. 6, Joseph Bousquet, Dennis Williams, Jon Thibault, Jr., Richard Japhet, Alan Coon, Denise Quigley, Mike Beaudry, Kathleen Thompson, Barbara Haire, Paula McMahon, Mary Rainer, Bettie Cropp, Carole Halpin, individually, and as personal representative of the estate of Robert Halpin, and Linda Pendriss, plaintiffs in Action No. 7, Robert Kelleher, James Gibbons, Evelyn Kelleher, Debra Ann Drew, Henry Drew, and Glenn Haight, plaintiffs in Action Nos. 8 and 9, John Gault, Paul L. Godin, individually, and as personal representative of the estate of Agnes M. Godin, and Tithe Presto, individually, and as personal representative of the estate of Charles A. Presto, plaintiffs in Action No. 10, Heather Curtis, Sharon Desser, John Jastrebski, Linda Poulin, Ed Lauffer, Karen Fitzgerald, Virginia T. Farrow, Rose Marie Velie, Lillian L. Wilson, John Greggo, Dennis Fox, Judy O'Connell, Manuel Galindo, Lily Walters, Albert Hollister, Christina Mercado, Harry Moran, Gwendolyn Stewart, Harriet Robertucci, Nancy Deolde, Edward Simons, Richard Coulard, Rosa Hinton, Alan Coon, and Eileen Rastgar, plaintiffs in Action Nos. 11 and 12, and Robert Machia and Donna J. Portuese, plaintiffs in Action No. 12, as denied that branch of the cross motion made by certain plaintiffs which was for leave to amend the complaints insofar as asserted by Stanley Lewis, a plaintiff in Action No. 1, Arthur W. Quick, a plaintiff in Action No. 3, Cynthia Mokritski, a plaintiff in Action No. 6, Mike Beaudry, Barbara Haire, Paula McMahon, and Mary Rainer, plaintiffs in Action No. 7, Robert Kelleher, a plaintiff in Action Nos. 8 and 9, and John Jastrebski, Lillian L. Wilson, Judy O'Connell, Lily Walters, Christina Mercado, and Eileen Rastgar, plaintiffs in Action Nos. 11 and 12, to allege the applicability of CPLR 214-c (4), and as denied that branch of the cross motion which was for leave to amend the complaints insofar as asserted by Connie Tanguay, Daniel Brugger, Alan Maynard, Walter Cemel III, and Penny Russell, plaintiffs in Action No. 2, Salvatore Cordaro, a plaintiff in Action No. 5, Robin Lapinski and Stephen J. Gyseck, plaintiffs in Action No. 6, Joseph Bousquet, Dennis Williams, Jon Thibault, Jr., Richard Japhet, Alan Coon, and Denise Quigley, plaintiffs in Action No. 7, Debra Ann Drew and Henry Drew, plaintiffs in Action Nos. 8

and 9, and Heather Curtis, Sharon Desser, and Norman Carey, plaintiffs in Action Nos. 11 and 12, for leave to amend the parental derivative causes of action to allege the applicability of 42 USC § 9658.

Ordered that the appeals insofar as taken against the defendant International Business Machines Corporation in Action Nos. 1 through 7 and 9 through 11 are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders are affirmed insofar as appealed from with respect to the remaining defendants, with one bill of costs to the remaining defendants.

By stipulation of discontinuance filed March 3, 2005, the plaintiffs discontinued their actions insofar as asserted against the defendant International Business Machines Corporation (hereinafter IBM). Accordingly their appeals in Action Nos. 1 through 7 and 9 through 11, insofar as taken against IBM, must be dismissed as academic.

The Supreme Court properly dismissed the causes of action to the extent indicated in its orders, insofar as asserted against the remaining defendants, as the statute of limitations expired before the commencement of the actions (*see* CPLR 214-c [2]). Contrary to the appellants' contention, the motion was not prematurely granted without affording them adequate discovery (*see* CPLR 3212 [f]). The appellants failed to demonstrate that additional discovery was needed to establish that their claims were not time-barred (*see Neryaev v Solon,* 6 AD3d 510 [2004]; *Town of Hempstead v Incorporated Vil. of Atl. Beach,* 278 AD2d 308, 310 [2000]). The mere hope by a party opposing summary judgment that it will uncover evidence that will prove that the action is not time-barred is insufficient under CPLR 3212 (f) (*see Town of Hempstead v Incorporated Vil. of Atl. Beach, supra*).

The Supreme Court properly denied the cross motion made by certain plaintiffs for leave to amend the complaints to allege the applicability of the tolling provisions of CPLR 214-c (4) and 42 USC § 9658. The amendments were palpably insufficient because the movants failed to aver facts demonstrating the applicability of the tolling provisions in either statute (*see Burger v Union Carbide Corp.,* 304 AD2d 700, 701 [2003]; *see also Butt v New York Med. Coll.,* 7 AD3d 744, 745 [2004]; *Pompa v Burroughs Wellcome Co.,* 259 AD2d 18, 22 [1999]; *Becton v Rhone-Poulenc, Inc.,* 706 So 2d 1134, 1141 [Ala 1997]).

The appellants' remaining contentions are without merit. Florio, J.P., Crane, Mastro and Lifson, JJ., concur.