■ VERA KRIOUTCHKOVA et al., Respondents, v GAAD REALTY CORP., Appellant. [814 NYS2d 171]—

In an action to recover damages for personal injuries, the defendant appeals from stated portions of an order of the Supreme Court, Kings County (Barasch, J.), dated October 29, 2004, which, inter alia, granted that branch of the plaintiffs' motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for leave to amend the complaint and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

By complaint dated September 13, 2002, the plaintiffs, Vera Krioutchkova and Natiliya Litovchenko, alleged independent causes of action to recover damages for negligence against their landlord, the defendant Gaad Realty Corp. Their complaint alleges that on June 24, 2002, and June 26, 2002, respectively, they were struck by portions of their apartment's negligently-maintained bathroom ceiling. Issue was joined by service of a verified answer dated January 20, 2003.

By notice of motion dated July 19, 2004, the plaintiffs moved, inter alia, pursuant to CPLR 3025 (b) for leave to amend their complaint. They sought to add three new causes of action emanating out of an alleged March 26, 2003, sexual assault of Krioutchkova by the defendant's purported employee, Dennis Colon, who reportedly came to repair the ceiling. The plaintiffs sought to assert a sexual assault claim against Colon as well as against the defendant, his purported employer, under a theory of vicarious liability. In addition, they sought to assert a cause of action against the defendant for the negligent hiring, retention, and employment of Colon. On October 29, 2004, the Supreme Court granted the motion.

Leave to amend a pleading should be freely granted where the proposed amendment is not palpably insufficient or patently devoid of merit and will not prejudice or surprise the opposing party (*see* CPLR 3025 [b]; *Bolanowski v Trustees of Columbia Univ. in City of N.Y.,* 21 AD3d 340, 341 [2005]; *Crespo v Pucciarelli,* 21 AD3d 1048, 1049 [2005]).

The proposed causes of action alleging sexual assault are subject to a one-year statute of limitations (*see* CPLR 215 [3]; *Yong Wen Mo v Gee Ming Chan,* 17 AD3d 356, 358 [2005]) which expired before service of the plaintiffs' July 19, 2004, notice of motion and proposed amended complaint (*see Bass v Union Carbide Corp.,* 22 AD3d 618, 620 [2005]). The plaintiffs "may not rely on the doctrine of relation back (*see* CPLR 203 [f]), since [their] new pleading is not a 'mere expansion' (*A to Z Assoc. v Cooper,* 215 AD2d 161, 162 [1995]) of still-valid prior pleadings in this action" (*Alharezi v Sharma,* 304 AD2d 414, 414-415 [2003]). Instead, the proposed amended complaint seeks to introduce separate causes of action of which the defendant was reportedly unaware until December 1, 2003. Moreover, the proposed claim against the defendant alleging sexual assault premised on vicarious liability is patently insufficient, as an employer can only be vicariously liable for the torts of an employee, including, but not limited to, when the employee's actions are intentional, when the employee was acting within the scope of employment (*see Sims v Bergamo,* 3 NY2d 531, 534-535 [1957]; *White v Alkoutayni,* 18 AD3d 540, 541 [2005]).

With respect to the plaintiffs' proposed cause of action alleging the defendant's negligent hiring, retention, and employment of Colon, given the plaintiffs' extended delay in moving for leave to amend their complaint, the defendants were prejudiced (*see Voyticky v Duffy,* 19 AD3d 685 [2005], *lv denied* 6 NY3d 800 [2006]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 525 [2005]). Accordingly, the

Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to amend the complaint.

The appellant's remaining contentions are without merit. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.