■ MIGDALIA SOTO, Respondent, v BRONX-LEBANON HOSPITAL CENTER, Defendant, and HEIDI DUPRET, M.D., Appellant. [939 NYS2d 849]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered January 25, 2011, which, in this action alleging medical malpractice, denied the motion of defendant Heidi Dupret, M.D. to dismiss the amended complaint as time-barred, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff's action against Dupret, the attending obstetrician and gynecologist who performed the allegedly negligent abdominal hysterectomy, should have been dismissed as time-barred. The amended complaint naming her as an additional defendant was not commenced within the 2½-year statute of limitations (*see* CPLR 214-a), and plaintiff failed to meet her burden of demonstrating the applicability of the relation-back doctrine (*see Bulow v Women In Need, Inc.*, 89 AD3d 525, 527 [2011]). The record fails to establish that Dupret knew or should have known that, but for plaintiff's mistake in identifying the proper parties, she would have been named as a party in the lawsuit (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]). No mistake can be shown by plaintiff's intentional decision not to initially assert a claim against Dupret, a party known to be potentially liable (*see id.* at 181; *Goldberg v Boatmax://, Inc.*, 41 AD3d 255, 256 [2007]). Concur—Saxe, J.P., Sweeny, Freedman and Manzanet-Daniels, JJ.