(November 23, 2016)

■ Nifular Ahrorgulova, Respondent, v Melinda Sue Mann, Respondent-Appellant, and Faye Perl, Appellant-Respondent. [42 NYS3d 203]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendant Faye Perl, appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated July 16, 2014, as denied her motion pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against her as time-barred, and her separate motion pursuant to CPLR 3211 (a) (5) to dismiss the cross claim asserted against her as barred by the doctrines of collateral estoppel, res judicata, and the law of the case, and the defendant Melinda Sue Mann cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion to dismiss the amended complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the motion of the defendant Faye Perl pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against her as time-barred and denying that branch of her separate motion pursuant to CPLR 3211 (a) (5) which was to dismiss the cross claim asserted against her as barred by the law of the case doctrine, and substituting therefor provisions granting her motion to dismiss the amended complaint insofar as asserted against her and granting that branch of her separate motion which was to dismiss the cross claim; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the defendant Faye Perl.

In December 2007, the plaintiff commenced this action against the defendant Melinda Sue Mann to recover damages for medical malpractice and lack of informed consent arising out of a medical procedure performed at Mann's office in July 2007. Thereafter, Mann commenced a third-party action against Faye Perl, the individual who performed the subject medical procedure. In an order dated July 14, 2011, the Supreme Court granted Perl's motion for summary judgment dismissing the third-party complaint. On or about November 26, 2013, the plaintiff amended the complaint, with leave of court, to add Perl as a direct defendant. Mann's answer to the amended complaint included a cross claim against Perl for contribution and indemnification. Perl moved to dismiss the amended complaint insofar as asserted against her as time-barred, and separately moved to dismiss Mann's cross claim as barred by the doctrines of collateral estoppel, res judicata, and law of the case. Mann cross-moved to dismiss the amended complaint insofar as asserted against her on the ground that if it was dismissed insofar as asserted against Perl, then it would

have to be dismissed against her as well, since her liability was solely derivative. The Supreme Court denied the motions and cross motion.

We agree with Perl that the Supreme Court should have granted her motion pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against her as time-barred. The amended complaint, which named Perl as a direct defendant for the first time six years after the medical procedure was performed, was not commenced within the applicable 2½ year statute of limitations (*see* CPLR 214-a). Under the circumstances of this case, the plaintiff failed to meet her burden of demonstrating the applicability of the relation-back doctrine to the otherwise time-barred claim asserted against Perl (*see Buran v Coupal*, 87 NY2d 173, 181 [1995]; *Soto v Bronx-Lebanon Hosp. Ctr.*, 93 AD3d 481, 481 [2012]; *see also Contos v Mahoney*, 36 AD3d 646, 647-648 [2007]; *Ramos v Cilluffo*, 276 AD2d 475, 476 [2000]). The plaintiff's intentional decision not to name Perl as a defendant in the original complaint, even though she performed the subject medical procedure, cannot be viewed as the kind of inadvertent mistake as would trigger the application of the relation-back doctrine (*see Soto v Bronx-Lebanon Hosp. Ctr.*, 93 AD3d at 481).

Regarding that branch of Perl's separate motion which was to dismiss the cross claim asserted against her by Mann, the cross claim was not barred by the doctrines of collateral estoppel or res judicata (*see Wisell v Indo-Med Commodities, Inc.*, 74 AD3d 1059, 1060 [2010]; *see generally* CPLR 3011). However, the Supreme Court should have granted that branch of Perl's separate motion which was pursuant to CPLR 3211 (a) (5) to dismiss the cross claim as barred by the doctrine of the law of the case (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Ramanathan v Aharon*, 109 AD3d 529, 530 [2013]; *Carbon Capital Mgt., LLC v American Express Co.*, 88 AD3d 933, 936 [2011]; *Post v Post*, 141 AD2d 518, 519 [1988]). In the order dated July 14, 2011, when Perl's status in the action was solely that of a third-party defendant, the Supreme Court granted Perl's motion for summary judgment dismissing the third-party complaint, finding that she had not deviated from the applicable standard of care, that the plaintiff's informed consent for the medical procedure had been obtained, and that no triable issues of fact had been raised in opposition. Thus, that order was a legal determination on the merits which precluded any further consideration of the issue by the Supreme Court (*see Martin v City of Cohoes*, 37 NY2d at 165; *Ramanathan v Aharon*, 109 AD3d at 530).

The Supreme Court properly denied Mann's cross motion to dismiss the amended complaint insofar as asserted against her. Contrary to Mann's contention, under the unique circumstances present here, the dismissal of the amended complaint insofar as asserted against Perl does not require dismissal of the amended complaint insofar as asserted against Mann (*see Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 55 AD3d 821, 823-824 [2008]). Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.