██ SHAREN BRANCH, as Administrator of the Estate of ROBERT BASTIAN, Deceased, Appellant, v COMMUNITY COLLEGE OF THE COUNTY OF SULLIVAN, Respondent. [48 NYS3d 861]—

Devine, J. Appeal from an order of the Supreme Court (Schick, J.), entered February 9, 2016 in Sullivan County, which granted defendant's motion to dismiss the complaint.

Robert Bastian (hereinafter decedent) was a student at defendant and, in November 2007, he suffered a fatal heart attack in a campus dormitory. Plaintiff, decedent's mother, brought suit against the County of Sullivan in 2009, seeking to recover for its alleged negligence. Supreme Court (Melkonian, J.) dismissed that action upon the ground that the County did not own the dormitory or otherwise exercise control over it and, as such, owed no duty of care to decedent. This Court, and then the Court of Appeals, affirmed (*see Branch v County of Sullivan*, 112 AD3d 1119 [2013], *affd* 25 NY3d 1079 [2015]).

After the dismissal of the action against the County was affirmed by the Court of Appeals in 2015, plaintiff commenced the present action seeking similar relief against defendant. Following joinder of issue, defendant moved to dismiss the complaint as barred by the statute of limitations (*see* EPTL 5-4.1 [1]). Plaintiff responded by arguing that the relation back doctrine applied (*see* CPLR 203). Supreme Court (Schick, J.) disagreed and granted the motion, prompting this appeal by plaintiff.

There is no dispute that the statute of limitations expired before this action was commenced and, as a result, the burden rested on plaintiff to show that the action was permitted to continue under the relation back doctrine (*see Ahrorgulova v Mann*, 144 AD3d 953, 955 [2016]; *Kaczmarek v Benedictine Hosp.*, 176 AD2d 1183, 1184 [1991]). It is not clear that the relation back doctrine, which "allows a claim asserted against

a defendant in an amended filing to relate back to claims previously asserted against a codefendant for [s]tatute of [l]imitations purposes where the two defendants are 'united in interest,' " applies to claims asserted in a new and independent action (*Buran v Coupal*, 87 NY2d 173, 177 [1995], quoting CPLR 203 [b]; *see* CPLR 203 [c], [f]; *Davis v Sanseverino*, 145 AD3d 519, 520 [2016]; *Alharezi v Sharma*, 304 AD2d 414, 414-415 [2003]; *cf. Cazsador v Greene Cent. School*, 243 AD2d 867, 869 [1997], *lv denied* 91 NY2d 812 [1998]).* Regardless, the claim against defendant will only relate back to the earlier one against the County if three requirements are met: "(1) both claims must arise out of the same occurrence, (2) defendant and [the County] were united in interest, and by reason of that relationship can be charged with notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits, and (3) defendant knew or should have known that, but for a mistake by plaintiff as to the identity of the proper party, the action [against the County] would have been brought against it as well" (*Mongardi v BJ's Wholesale Club, Inc.*, 45 AD3d 1149, 1150 [2007]; *see McLaughlin v 22 New Scotland Ave., LLC*, 132 AD3d 1190, 1193 [2015]).

The first prong of that test was indisputably met. Assuming without deciding that the second was as well, the third was not in that plaintiff's failure to timely commence an action against defendant "was not the result of a mistake or an inability to identify the correct defendant within the applicable limitations period" (*Contos v Mahoney*, 36 AD3d 646, 647 [2007]). Plaintiff was well aware that defendant maintained the dormitory where decedent died and, in December 2007, the notice of claim she served upon the County (and additionally mailed to defendant) stated as much. She nevertheless elected to commence an action against the County alone in the belief that defendant "was a department of the County." Defendant is not, and a failure to appreciate that defendant was a legally required party is not the type of mistake contemplated by the relation back doctrine (*see Matter of Ayuda Re Funding, LLC v Town of Liberty*, 121 AD3d 1474, 1476 [2014]; *Windy Ridge Farm v Assessor of Town of Shandaken*, 45 AD3d 1099, 1099-1100 [2007], *affd* 11 NY3d 725 [2008]). Plaintiff accordingly failed to demonstrate that the relation back doctrine applied and, thus,

---

* Beyond the relation back doctrine enunciated by CPLR 203, CPLR 205 (a) grants a limited right to commence a new action within six months of the dismissal of a prior action seeking the same relief. CPLR 205 (a) has no applicability here, however, as "plaintiff never obtained jurisdiction over [defendant] in the prior action (and in fact made no effort to interpose a claim against that party)" (*Cazsador v Greene Cent. School*, 243 AD2d at 868).

Supreme Court properly dismissed the complaint as time-barred.

Garry, J.P., Lynch and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.