| **Merritt v Plumbing NYC, Inc.** |
|:---:|
| 2024 NY Slip Op 30321(U) |
| January 25, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 518582/2022 |
| Judge: Robin K. Sheares |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
MASSIAH MERRITT,

                          Plaintiff,                         **DECISION & ORDER**

         -against-                             Index No.: 518582/2022

PLUMBING NYC, INC. d/b/a PLUMBING WORKS INC.,    *Motion Sequence No. 4*
DIVINE INDUSTRIES INC., TRISTATE PLUMBING &
HEATING, INC., RRP PLUMBING CORP., THE
BROOKLYN UNION GAS COMPANY d/b/a NATIONAL
GRID NY and THE HALLEN CONSTRUCTION CO. INC.,

                          Defendants.
-------------------------------------------------------------------X

**Recitation, as required by CPLR §2219(a), of the papers considered in the review of this Motion:**

| Papers | NYSECF Document No. |
|---|---|
| *Sequence No. 4* | |
| Notice of Motion and Affidavits/Affirmations and Annexed Exhibits | 59, 60, 67, 68 61-66 |
| Affirmation/Affidavit of Service | 69 |
| Affidavit/Affirmation in Opposition to Motion | 70 |
| Affidavit/Affirmation in Opposition to Motion | 78 |

SHEARES, R.

    Plaintiff commenced this action to recover damages for personal injuries he allegedly

sustained on June 29, 2019, on Classon Avenue between Lafayette Avenue and Clifton Place,

Brooklyn, New York.

    It has been alleged that on the date in question, Plaintiff was riding a scooter within the

roadway of Classon Avenue between Lafayette Avenue and Clifton Place when his scooter struck

an uneven street surface that caused him to fall and sustain injuries. Plaintiff brought the present

action alleging that one or more of the named defendants caused or created the uneven street

surface, and/or had a duty to warn the plaintiff of the purported street defect and protect them from that defect.

On September 28, 2023, Defendant BROOKLYN UNION GAS COMPANY d/b/a NATIONAL GRID NY ("National Grid") filed a motion for summary judgment seeking the dismissal of all claims and crossclaims against them as a matter of law (Motion Sequence No. 4, NYSCEF DOC. NO. 59, *et seq).* For the reasons set forth below, the motion is hereby granted in its entirety.

Defendant THE HALLEN CONSTRUCTION CO. INC. ("Hallen") is a contractor that performs work for National Grid. On May 12, 2023, Hallen filed a motion for summary judgment in this matter (Motion Sequence No. 1, NYSCEF DOC. NO.15 *et seq).* Hallen's motion was supported by the affidavit of their Coordinator of Claims and Benefits, Ashley Ruiz (NYSCEF DOC. NO. 21) and by copies of Hallen's records. In her affidavit, Ms. Ruiz noted that a review of their records showed that Hallen had performed work on the sidewalk of Classon St., which work had been requested by and performed on the behalf of National Grid, but not in the roadway. As Plaintiff alleges that his accident took place in the roadway rather than on the sidewalk, Hallen asserted that they did not cause, create, or contribute to the condition in the roadway that is claimed to have caused the plaintiff's accident.

On July 6, 2023, this court issued an order granting Hallen's motion and dismissing all claims and crossclaims against them, finding explicitly that:

> HALLEN has established a prima facie case of entitlement to the dismissal of all claims and cross claims against them in this action, in that they performed no work in the area alleged by the plaintiff to be the site of the subject accident, whether on behalf of THE BROOKLYN UNION GAS COMPANY and/or in any other capacity [and] that there is no triable issue of fact as to whether it was performing any such work in the subject area, and no evidence has been proffered to refute defendant's contention.

2

[* 2]

(NYSCEF DOC. NO. 30). The order was served with notice of entry by Hallen on all parties on July 11, 2023 (NYSCEF DOC. NO. 31).

The motion for summary judgment filed by National Grid is supported by, among other things, the affidavit of their records searcher, Walter Stone, supported by records maintained by National Grid (NYSCEF DOC. NO. 65). Mr. Stone conducted a search of National Grid's records for any and all work performed on or in the vicinity of Classon Avenue between Lafayette Avenue and Clifton Place for the two years up to and including June 29, 2019. Based on that search Mr. Stone concluded that:

1. No work was performed by National Grid employees on or in the vicinity of Classon Avenue between Lafayette Avenue and Clifton Place for the two years up to and including June 29, 2019. All such work was instead performed by contractor Hallen, retained by National Grid for that purpose.

2. As indicated in the affidavit of Hallen employee Ashley Ruiz, all work done on behalf of National Grid on Classon Avenue between Lafayette Avenue and Clifton Place for the two years up to and including June 29, 2019, was performed in the street; no work was done by or on behalf of Natioal Grid in the roadway in that area.

No evidence has been presented by any party to contradict any of the above factual assertions.

Mr. Stone's affidavit and the records on which that affidavit was based establish that Hallen was the only entity to perform any work on behalf of National Grid on the block of Classon Avenue where the plaintiff's accident is alleged to have occurred. As Hallen's work did not cause the plaintiff's accident, it has been established as a matter of law that no work performed by or on behalf of National Grid was a proximate cause of the injuries sustained by Mr. Merritt. See, e.g., *Ahrorgulova v. Mann*, 144 A.D.3d 953, 955, 42 N.Y.S.3d 203, 205 (2d Dept, 2016); *Matter of Chung Li*, 165 A.D.3d 1105, 1106, 87 N.Y.S.3d 316, 318 (2d Dept, 2018); *RPG Consulting, Inc. v. Zormati*, 82 A.D.3d 739, 740, 917 N.Y.S.2d 897 (2d Dept., 2011); *Martin v. City of Cohoes*, 37

3

[* 3]

N.Y.2d 162, 165, 332 N.E.2d 867, 869 (1975). Thus, all claims and crossclaims against National Grid must be and hereby are hereby dismissed as a matter of law.

If in the course of the litigation it is determined that at or about the time of the Plaintiff's accident, National Grid performed or caused to be performed excavation or paving work on the roadway of Classon Avenue between Lafayette Avenue and Clifton Place, in the location where the plaintiff alleges that their accident occurred, a party or parties may seek to renew Motion Sequence No. 4 pursuant to the provisions of CPLR §2221(e). Should a motion to renew be made, a full and complete copy of the motion papers must be served by mail or delivery on the office of Morris Duffy Alonso Faley & Pitcoff as counsel to National Grid simultaneously with its filing.

Accordingly, for the foregoing reasons, it is hereby:

ORDERED AND ADJUDGED that Defendant National Grid's motion for summary judgment to dismiss the complaint and all crossclaims against them is granted and all claims and crossclaim against them are hereby dismissed; and it is further

ORDERED AND ADJUDGED that Defendant National Grid shall serve a copy of this Decision & Order with Notice of Entry upon all parties within thirty days of the date of Entry.

The foregoing constitutes the Decision/Order of the Court.

Dated: Brooklyn, New York
January 25, 2024

ENTER:

_____
Hon. Robin K. Sheares, J.S.C.

Motion Seq. # 04
    MG ✓
    MD___

4

[* 4]